IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

**FILED IN CLERK'S OFFICE**
U.S.D.C. Atlanta

MAR 2 1 2006

LUTHER D. THOMAS, Clerk
By: _____ Deputy Clerk

LISA SMITH MAULDIN,
Individually and On Behalf of
All Others Similarly Situated,

      Plaintiff,

v.

WAL-MART STORES, INC.,

      Defendant.

CIVIL ACTION NO.

1:01-CV-2755-JEC

## O R D E R  &  O P I N I O N

This case is presently before the Court on defendant's Motion to Reopen Discovery [117], defendant's Motion to Decertify the Class and Dismiss [129], and defendant's Motion to Unseal Documents [130]. The Court has reviewed the record and the arguments of the parties and, for the reasons set out below, concludes that defendant's Motion to Reopen Discovery [117] should be **DENIED**, defendant's Motion to Decertify the Class and Dismiss [129] should be **DENIED**, and defendant's Motion to Unseal Documents [130] should be **GRANTED**.

Defendant has filed a motion to reopen discovery to investigate its allegation that local counsel George Stein paid the named plaintiff in this case, Lisa Mauldin, to participate in the litigation. (Def.'s Mot. to Reopen Discovery [117].) Defendant was

alerted to the alleged improper payment by an anonymous phone call on June 4, 2004.  (*Id.* at 2.)  Yet, defendant did not file its motion to reopen discovery until over a year later, on August 31, 2005. Defendant has not explained its delay, and the Court is not convinced that further discovery is warranted.  Accordingly, the Court denies defendant's motion to reopen discovery.

In their response to defendant's motion, however, attorneys from lead class counsel Milberg Weiss Bershad & Schulman admit that Stein wrote four checks to Mauldin.  (Pl.'s Opp. to Def.'s Mot. to Reopen Discovery [128] at 3-4.)  The Milberg Weiss attorneys claim that they had no knowledge of the payments.  (*Id.*)  They have submitted Stein's Affidavit confirming that he did not inform anyone at Milberg Weiss of the payments.  (Stein Aff. at ¶¶ 8-9.)  Stein also stated in his Affidavit that the payments were not consideration for participating in the litigation, but loans for personal matters and a sponsorship for Mauldin's daughter to attend cheerleading camp.  (*Id.* at ¶¶ 4-7.)

Assuming Stein's statements are true, his payments to Mauldin are highly irregular, and at the very least create the appearance of impropriety.  As a result, the Milberg Weiss attorneys indicated in their response that Stein and Lisa Mauldin intend to withdraw from the litigation.  (Pl.'s Resp. to Def.'s Mot. to Reopen Discovery [128] at 6.)  Recognizing that Mauldin's withdrawal leaves the class without a named representative, the Milberg Weiss attorneys request

2

"guidance" from the Court "as to how to proceed," and suggest that the Court give them an opportunity to identify and propose a substitute class representative. (*Id.* at 12.)  Defendant contends that the Court should simply decertify the class and dismiss the action. (Def.'s Mot. to Decertify the Class and Dismiss [129].)

This litigation cannot proceed without an adequate class representative. *London v. Wal-Mart Stores, Inc.,* 340 F.3d 1246, 1254 (11th Cir. 2003)("'basic consideration of fairness requires that a court undertake a stringent and continuing examination of the adequacy of representation by the named class representative'")(quoting *Shroder v. Suburban Coastal Corp.,* 729 F.2d 1371, 1374 (11th Cir. 1984)); FED. R. CIV. P. 23(a)(4)(requiring that class representatives "fairly and adequately protect the interests of the class").  Instead of asking for guidance, Milberg Weiss should have filed a motion to substitute a class representative for Mauldin. *See Birmingham Steel Corp. v. Tennessee Valley Authority,* 353 F.3d 1331, 1339 (11th Cir. 2003)(authorizing substitution when a class representative withdraws or becomes inadequate).  Its failure to do so has caused further delay in this case.

Nevertheless, dismissal would not be appropriate. *Id.; Lynch v. Baxley,* 651 F.2d 387, 388 (5th Cir. 1981).[1]  Once certified, "a class

---

[1] Decisions of the former Fifth Circuit rendered prior to October 1, 1981, are binding precedent in the Eleventh Circuit.

AO 72A
(Rev.8/82)

acquires a legal status separate from that of the named plaintiff[]." *Birmingham Steel,* 353 F.3d at 1336 (citing *Lynch,* 651 F.2d at 388). Immediate dismissal of the litigation upon the withdrawal of the named representative would adversely, and unfairly, affect the interests of the class. *Id.*

Accordingly, the Court will give Milberg Weiss an opportunity to locate an adequate class representative and then file a motion to substitute the new representative as the named plaintiff in this case. *See In re Initial Public Offering Securities Litigation,* 224 F.R.D. 550, 552 (S.D.N.Y. 2004)(permitting substitution of named class counsel). Plaintiffs informed the Court on October 25, 2005 that Mauldin intended to withdraw from the litigation. (Pl.'s Opp. to Def.'s Mot. to Reopen Discovery [128].) Given the substantial amount of time the attorneys have already had to find a substitute plaintiff, the Court concludes that forty-five (45) days is a reasonable period of time for them to locate an adequate representative and file a motion for substitution. Plaintiffs' attorneys should therefore file a motion identifying an adequate class representative by **Monday, May 8, 2006**. Failure to do so will result in dismissal.

In the motion to substitute, the Court requests that plaintiffs'

---

*Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

4

(Rev.8/82)

attorneys also address the specific argument in defendant's motion to dismiss concerning the necessity of filing an EEOC class charge. (Def.'s Mot. to Decertify Class and Dismiss [129] at 8-9.) Defendant cites authority for the proposition that "a Title VII class action must be supported by at least one representative class charge, timely brought by a named plaintiff." (*Id.* at 9.) Defendant contends that any substitute plaintiff will necessarily fail to meet this requirement, mandating dismissal. (*Id.*) Plaintiffs did not respond to this argument in their opposition to dismissal. (Pl.'s Opp. to Def.'s Mot. to Decertify Class and Dismiss [133].) In their motion to substitute a class representative, plaintiffs should provide authority for their position that the substitute representative is adequate in spite of her failure to file an EEOC charge. Failure to do so will result in dismissal.

Finally, defendant has moved to unseal the documents filed in support of its motion to reopen discovery. (Def.'s Mot. to Unseal [130].) Defendant originally filed the discovery motion under seal because it contained "sensitive and unproven" information concerning Stein's alleged payments to plaintiff. Although the Court has the authority to seal documents under Rule 26(c) of the Federal Rules of Civil Procedure, there is a presumption "in favor of public access." *Estate of Martin Luther King, Jr., Inc. v. CBS, Inc.,* 184 F.Supp. 2d 1353, 1362 (N.D. Ga. 2002). Having admitted that Stein made the

5

payments alleged in defendant's motion to reopen discovery, there is no longer "good cause" to keep the motion under seal. *Id.* Accordingly, defendant's motion to unseal is **GRANTED**.

As there is currently no plaintiff in this case, the Court cannot act on the previously-filed motions for summary judgment. Accordingly, the Court **administratively terminates** this action, which should be reopened upon the filing by plaintiff of the above-described motion.

SO ORDERED, this ____21____ day of March, 2006.

_____
JULIE E. CARNES
UNITED STATES DISTRICT JUDGE

6

AO 72A
(Rev.8/82)