IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

LISA SMITH MAULDIN,
Individually and On Behalf of
All Others Similarly Situated,

    Plaintiff,

v.

WAL-MART STORES, INC.,

    Defendant.

CIVIL ACTION NO.

1:01-CV-2755-JEC

### O R D E R  &  O P I N I O N

This case is presently before the Court on plaintiff's Motion to Withdraw and Substitute Named Plaintiffs and Proposed Class Representatives [135] and defendant's Motion for Leave to File Sur-Reply [148]. The Court has reviewed the record and the arguments of the parties and, for the reasons set out below, concludes that plaintiff's Motion to Withdraw and Substitute Named Plaintiffs and Proposed Class Representatives [135] should be **DENIED without prejudice**, pending defendant's requested discovery, and defendant's Motion for Leave to File Sur-Reply [148] should be **GRANTED**.

### BACKGROUND

Plaintiff Lisa Smith Mauldin filed this sex discrimination case against Wal-Mart on October 16, 2001. (Compl. [1].) In her

Complaint, plaintiff alleged that Wal-Mart's policy of denying its employees health insurance coverage for prescription contraceptives discriminates against women. (*Id.*) Plaintiff brought this suit on behalf of herself and other similarly situated Wal-Mart employees. (*Id.*) Shortly after filing suit, plaintiff filed a motion to certify this case as a class action, which the Court granted. (Order [37].)

Both parties subsequently filed motions for summary judgment on plaintiff's sex discrimination claim. While those motions were pending, defendant discovered that plaintiff's local counsel, George Stein, had made several irregular payments to Mauldin. (*See* Def.'s Mot. to Dismiss [129].) Defendant filed a motion to decertify the class and dismiss the action. (*Id.*) Defendant pointed out in its motion that lead class counsel, Milberg Weiss Bershad & Schulman ("Milberg Weiss"), was the subject of an ongoing federal investigation concerning illegal payments to class action plaintiffs. (*Id.*)

In their response, attorneys from Milberg Weiss admitted that Stein wrote four checks to Mauldin. (Pl.'s Opp. to Def.'s Mot. to Reopen Discovery [128] at 3-4.) The Milberg Weiss attorneys claimed to have been unaware of the payments, and submitted an affidavit from Stein stating that the payments were unrelated to the litigation. (Stein Aff. [128] at ¶¶ 8-9.) The Milberg Weiss attorneys also indicated that Stein and Mauldin intended to withdraw from the

2

litigation, presumably because of the appearance of impropriety created by Stein's payments to Mauldin. (Pl.'s Opp. to Def.'s Mot. to Reopen Discovery [128] at 6.)

In ruling on defendant's motion to dismiss, the Court noted that the litigation could not proceed without an adequate class representative, but found that dismissal would not be appropriate. (Order [134].) See Birmingham Steel Corp. v. Tennessee Valley Auth., 353 F.3d 1331, 1336 (11th Cir. 2003)(recognizing that once certified, "a class acquires a legal status separate from that of the named plaintiff[]"). Accordingly, the Court gave plaintiff an opportunity to locate an adequate class representative and file a motion to substitute the new representative as the named plaintiff in this case. (Id.)

Plaintiff has now filed a motion to formally withdraw Lisa Mauldin and to substitute Wendy Dermady and Le Ennis as class representatives. (Pl.'s Mot. to Substitute [135].) According to plaintiff, Dermady and Ennis are Wal-Mart employees who are enrolled in Wal-Mart's health insurance plan, who use prescription contraceptives, and who pay for their prescriptions out-of-pocket as a result of Wal-Mart's refusal to provide coverage for contraceptives. (Id. at 3.)

In its opposition to plaintiff's motion to substitute, defendant continues to maintain that, as a result of the irregular payments to

Mauldin, the class should be decertified and the action dismissed. (Def.'s Opp. to Mot. to Withdraw and Substitute Named Plaintiffs and Proposed Class Representatives ("Def.'s Opp.") [138].) In support of this argument, defendant notes that the Milberg Weiss firm was recently indicted on charges of making illegal payments to class action plaintiffs. (*Id.* at Ex. 2.) As an alternative to dismissal, defendant urges the Court to reopen discovery on certain limited issues, including the facts surrounding Stein's payments to Mauldin and the adequacy of the proposed class representatives. (*Id.*)

Although the record in this case does not support decertification or dismissal at this juncture, the Court agrees with defendant that limited discovery is necessary to ensure that the proposed class representatives are adequate to represent the class. Discovery is also warranted to determine whether Mauldin's initial discrimination charge was procured by illegal payments from her attorneys.

## **DISCUSSION**

Rule 23(a) of the Federal Rules of Civil Procedure provides that:

> One or more members of a class may sue or be sued as representative parties on behalf of all only if (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties

will fairly and adequately protect the interests of the class.

FED. R. CIV. P. 23(a). "[A]ctual, not presumed, conformance with [the numerosity, commonality, typicality, and adequacy requirements of] Rule 23(a) [is] . . . indispensable." *General Tel. Co. v. Falcon*, 457 U.S. 147, 160 (1982).

In its Order certifying this case as a class action, the Court found that Mauldin met all of the prerequisites of Rule 23(a). (Order [35].) The parties do not dispute that the facts supporting the Court's prior numerosity and commonality findings are unchanged. As the class is no smaller than it was when the Court issued its initial certification order, there is no question that it is still "so numerous that joinder of all members is impracticable." FED. R. CIV. P. 23(a)(1). In addition, the claims of all the class members clearly still share a common question of law: whether defendant's policy of excluding prescription contraceptives violates Title VII.

Before granting plaintiff's motion, however, the Court must ensure that Dermady and Ennis also meet the typicality and adequacy requirements of Rule 23(a). *See London v. Wal-Mart Stores, Inc.*, 340 F.3d 1246, 1254 (11th Cir. 2003)("'basic consideration of fairness requires that a court undertake a stringent and continuing examination of the adequacy of representation by the named class representative'")(quoting *Shroder v. Suburban Coastal Corp.*, 729 F.2d

5

1371, 1374 (11th Cir. 1984)). Plaintiff claims that Dermady has been enrolled in Wal-Mart's health insurance plan since 1987, that she has used oral contraceptives since she enrolled in the plan, and that she has paid and continues to pay out-of-pocket for her oral contraceptives as a result of Wal-Mart's failure to cover prescription contraceptives. (Pl.'s Mot. to Substitute [135] at 3.) Plaintiff similarly claims that Ennis has been enrolled in Wal-Mart's health insurance plan since 2000, and that she also uses and pays out-of-pocket for her prescription contraceptives. (*Id.*)

Assuming plaintiff's allegations are true, Dermady and Ennis would appear to meet Rule 23(a)'s "typicality" requirement. *See Prado-Steiman v. Bush*, 221 F.3d 1266, 1279 (11th Cir. 2000) (recognizing that "a strong similarity of legal theories will satisfy the typicality requirement"). However, defendant has not had an opportunity to test these allegations through discovery. Nor has defendant had an opportunity to inquire into Ennis and Dermady's "adequacy" to represent the class. *See* FED. R. CIV. P. 23(a)(4)(requiring class representatives to demonstrate that they will "fairly and adequately protect the interests of the class").

Defendant requests discovery to ensure that Dermady and Ennis meet Rule 23(a)'s adequacy requirement, and that their claims are typical of other class members. Specifically, defendant seeks discovery on the following issues: 1) whether Dermady and Ennis

6

participated in the Wal-Mart plan during the relevant time period; 2) whether Dermady and Ennis took prescription contraceptives during the relevant time period; and 3) whether Dermady and Ennis sought reimbursement from the Wal-Mart plan for the cost of prescription contraceptives during the relevant time period. (Def.'s Opp. [138] at 21.) The Court will reopen discovery to allow defendant to inquire into these issues, which are all related to the typicality and adequacy requirements of Rule 23(a).

In addition to the prerequisites of Rule 23(a), plaintiff must demonstrate that the proposed class representatives can meet the jurisdictional requirement of filing an EEOC charge prior to bringing suit under Title VII. *See Calloway v. Partners Nat'l Health Plans,* 986 F.2d 446, 449 (11th Cir. 1993)(noting that a timely EEOC charge is a precondition to filing suit under Title VII). Neither Dermady nor Ennis has filed an EEOC charge. (*See* Pl.'s Mot. to Substitute [135] at 6-7.) However, plaintiff contends that Dermady and Ennis should be permitted to "piggyback" on the EEOC charge that Lisa Mauldin filed on September 5, 2001. (*Id.* at 6-10.)

The "piggybacking" or single-filing rule allows a putative plaintiff who has not filed his own EEOC charge to rely on another plaintiff's timely EEOC charge provided certain conditions are met. *Hipp v. Liberty Nat'l Life Ins. Co.,* 252 F.3d 1208, 1217 (11th Cir. 2001); *Bost v. Fed. Express Corp.,* 372 F.3d 1233, 1239 (11th Cir.

7

2004). Essentially, a plaintiff may piggyback on another plaintiff's charge if: 1) the relied-upon charge is valid; and 2) the individual claims of the filing and non-filing plaintiff arise out of similar discriminatory treatment in the same time frame. *Hipp,* 252 F.3d at 1217; *Bost,* 372 F.3d at 1239.

The proposed class representatives clearly meet the second requirement: Mauldin's EEOC charge asserts claims that are identical to Ennis and Dermady's claims, and the alleged discriminatory treatment occurred in approximately the same time frame. The question is whether Mauldin's EEOC charge was "valid." Defendant argues that the charge was not valid because it was procured by illegal and unethical payments from Stein, plaintiffs' local counsel in this case. (Def.'s Opp. [138] at 9-18.)

Plaintiff acknowledges that Stein wrote at least four checks to Mauldin after she filed suit in this case. (*See* Pl.'s Opp. to Def.'s Mot. to Reopen Discovery [128] at 3-4.) Defendant was alerted to the payments by an anonymous caller[1] who informed Mark Casciari, lead counsel for defendant, that Stein had paid Mauldin to sue Wal-Mart. (Casciari Aff. [138] at Ex. 1.) Stein submitted an affidavit to the Court stating that he did not inform anyone at Milberg Weiss about

---

[1] Defendant has since identified the anonymous caller as Melissa Carr, a former employee of Stein. (Def.'s Opp. [138] at 2.)

the payments, and that the payments were not consideration for participating in the litigation, but loans for personal matters. (Stein Aff. [128] at ¶¶ 4-9.)  As the Court noted in a previous Order, however, Stein's payments to Mauldin are highly irregular and at the very least create the appearance of impropriety. (Order [134] at 2.)  Moreover, Milberg Weiss was recently indicted on charges of recruiting and paying plaintiffs to participate in class action lawsuits. (Def.'s Opp. [138] at Ex. 2.)

The Court agrees with defendant that an EEOC charge that is procured by illegal and unethical payments is not "valid" for purposes of the single-filing rule. Given the evidence of suspicious payments to Mauldin, and the recent indictment of Milberg Weiss for recruiting plaintiffs to participate in class action lawsuits, discovery is warranted to ensure that Mauldin's EEOC charge was not fraudulently procured. Accordingly, the Court grants defendant's request to reopen discovery on the following issues: 1) the facts surrounding Stein's payments to Mauldin; 2) the details of Stein's arrangement with Mauldin and with Milberg Weiss; 3) whether any additional payments were made or promised to Mauldin for her participation in the litigation; 4) whether any attorneys besides Stein were involved in or aware of the payments; and 5) any additional information Melissa Carr can provide about the payments.

Defendant should complete its discovery on these limited issues

by **February 2, 2006.** At the end of discovery, plaintiff should refile its motion to substitute Dermady and Ennis as class representatives. Plaintiff's renewed motion should reflect any newly discovered facts that are pertinent to its motion to substitute. In its response to plaintiff's renewed motion, defendant should also point out any newly discovered facts that are relevant to the proposed class representatives' adequacy to represent the class, as well as any facts suggesting that Mauldin's EEOC charge was fraudulently procured by her attorneys.

## CONCLUSION

For the foregoing reasons, the Court **DENIES without prejudice** plaintiff's Motion to Withdraw and Substitute Named Plaintiffs and Proposed Class Representatives [135] pending defendant's requested discovery and **GRANTS** defendant's Motion for Leave to File Sur-Reply [148].

SO ORDERED, this 22 day of November, 2006.

_____
JULIE E. CARNES
UNITED STATES DISTRICT JUDGE

10